UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                              Plaintiff,

      v.

TEXTRON INC.,

                              Defendant.

Civil Action No. 07-1505

**FINAL JUDGMENT AS TO DEFENDANT TEXTRON INC.**

The Securities and Exchange Commission having filed a Complaint and Defendant Textron Inc. ("Textron" or "Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"),

15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, Textron's Executive Vice President and General Counsel will certify on or about December 31, 2007 that all of the remedial actions described below have been completed or are being performed on an ongoing basis. Any remedial actions that have not been implemented or completed on or about December 31, 2007 will be noted in the certification with an estimated

time for completion. A subsequent certification will be made once all remaining remedial actions have been implemented. Textron Inc. (the "Parent Company") and its Industrial Segment (the "Relevant Segment") and Fluid and Power Business Unit (the "Relevant Business Unit") have undertaken significant remedial actions and are continuing to undertake such actions in response to the conduct that has been the subject of its investigation. These remedial actions include enhancements to Textron's FCPA compliance program as follows: 1) Issuance of an updated FCPA/Anti-Bribery Law Compliance Guide regarding training employees and intermediaries, and conducting due diligence of applicable intermediaries, a copy of which will be provided as part of the certification; 2) implementation of additional internal control policies, which will be enumerated as part of the certification; 3) appointment of additional compliance personnel in the Relevant Segment; 4) execution of additional FCPA risk assessments and a risk-based audit plan; 5) communication by outside counsel at the time of certification of significant findings from the FCPA risk assessments and risk-based audits; 6) implementation of a financial policy regarding commission payments to Intermediaries; and 7) correction of all books and records.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,284,579, representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $450,461.68, and a civil penalty in the amount of $800,000 pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall satisfy this obligation by paying $3,535,040.68 within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and

Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a cover letter identifying Textron Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of the payment of disgorgement and payment of civil penalty and letter to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _August 30_, 2007

_____
UNITED STATES DISTRICT JUDGE